By the Court.—Truax, J.
The motions to dismiss the complaint were rightly denied. There was evidence tending to show, and from which the jury could have inferred, the negligence of each one of the defendants, and, therefore, the question of negligence was one for the j ury and not for the court.
There were various exceptions to the admission or rejection of testimony. None of them were well taken.
It was not error for the plaintiff to show by a person *125 who had been a driver of a horse car for years, how long, or within what space a driver on a car could stop a car which has one horse attached to it when the horse is on a moderate trot and the ground is level. Nor was it error to show by a person who had driven trucks for years, within what time and what space a loaded truck could be stopped.
The plaintiff contended that shortly after the accident she found that she was getting deaf in her left ear, and that that deafness continued up to the time of the trial. A witness, a physician and surgeon, was asked, after the assumed facts had been recited to him, to what he would attribute the deafness. The question was objected to by one of the defendants as incompetent, and by the other of the defendants on the ground that the witness had not made any examination of the head, and that he was not skilled in that department of medicine. The last objection is somewhat indefinite. It is difficult to determine whether the objector meant that the witness was not skilled in the department of medicine relating to the hearing; but it is not necessary that the witness should have been a specialist in order to entitle him to testify upon the subject he was asked about. He is supposed to have enough knowledge of medicine and surgery to enable him to give testimony that would be entitled to some weight upon the question about which he was asked.
The defendant Westing was asked if the driver through whose alleged negligence the accident was alleged to have happened, was a careful driver, and this question was objected to and the objection was sustained. This ruling was not erroneous. The question in dispute was not the negligence of Westing in keeping a servant known to him to be careless or incompetent. The contention was that the driver was negligent at this particular time, and this contention was not controverted by showing that up to that time *126 he had not been negligent. There were some other exceptions to evidence taken, but they are not material.
The defendant Westing requested the court to charge in a certain way. This the court declined to do. I do not find that there was any exception taken to this refusal, and, therefore, the question of alleged error in so declining cannot be considered.
The defendant, The Dry Dock, East Broadway and Battery Railroad Company, requested the court to charge, that in case of a collision between a street car and a truck or wagon, the presumption of negligence is ordinarily against the driver of the wagon, and the court declining to do so, duly excepted. This ruling was not erroneous. As between the plaintiff and the two defendants there was no presumption of the kind. That one of the defendants was negligent whom the evidence showed to be negligent.
The defendant, The Dry Dock, East Broadway and Battery Railroad Company, also requested the court to charge that the car of the defendant, The Dry Dock, East Broadway and Battery Railroad Company, had the right of way, and that the driver of the truck owned by the defendant Westing was bound to respect the superior right of the defendant, The Dry Dock, East Broadway and Battery Railroad Company, to the use of so much of the street at the point ¡.or place in question covered by the track or included within the rails of said defendant and required by the passage of said defendant’s car, and the court declining so to charge, duly excepted. This ruling was not erroneous. It is true that the courts have ^aid that in some cases the car has the right of way, but never has it said so in a case of this kind. But even if the car did have the right of way, it still Avas bound, as far as the plaintiff was concerned, to use at least ordinary care to protect her, its passenger, from *127 harm. It cannot rely upon this right of way, when by so doing injury would come to its passenger.
The court charged that pain and suffering are not limited merely to physical suffering, but they extend to mental suffering and anguish, and to this the defendants excepted. We do not think that this ruling was erroneous. There was evidence that tended to show that the plaintiff did suffer mental anguish. She had had two teeth knocked out and two broken. She was badly bruised on the left shoulder, left side, left hip, and on the mouth. She suffered terrible pain for four months in her head, and had not up to the time of the trial been able to sleep more than an hour at a time, and had been in a very nervous condition. She was easily frightened and always imagined that there was some one coming after her. This tended to show that she did suffer mentally.
The judgment and order appealed from are affirmed, with costs.
Dugro, J., concurred.